UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE CITY OF BOTHELL, a Washington municipality,<br><br>                     Plaintiff,<br><br>     v.<br><br>BERKLEY NORTH PACIFIC GROUP, LLC, a Delaware corporation,<br><br>                     Defendant. | No.<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**<br><br>*WITH JURY DEMAND* |

Plaintiff, the City of Bothell, alleges:

## I.    PARTIES

1.1.    Plaintiff is a municipality duly organized and existing under the laws of the State of Washington.

1.2.    Defendant, Berkley North Pacific Group, LLC, is a Delaware corporation doing business in the State of Washington.

## II.    JURISDICTION AND VENUE

2.1.    This Court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. § 1332, because the parties are completely diverse and the amount in controversy exceeds the jurisdictional minimum.

2.2.    Venue is proper because the acts and omissions in question occurred in this district.

COMPLAINT FOR DAMAGES
AND DECLARATORY RELIEF - 1

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

2.3. Plaintiff has given both formal and informal notice of suit under RCW 48.30, thereby satisfying all procedural prerequisites to suit.

### III. FACTUAL BACKGROUND

3.1. In or around 2010, Eastlake Christian Church ("ECC") decided to develop a driveway that would intersect the North Creek Bike Trail and connect its parking lot to Fitzgerald Road in the City of Bothell.

3.2. ECC hired Wickman as its contractor.

3.3. By virtue of the City's municipal code, regulations, and policy, this construction project required a right-of-way permit and compliance with certain conditions. One condition was that "[t]he applicant shall agree to sign an indemnification agreement which shall require the applicant to indemnify, defend and hold the city harmless from any and all claims for bodily injury or property damage that may arise out of or in connection with the applicant's permitted use." BMC 17.020.040(C).

3.4. Furthermore, the City's Code further provided that, "[d]uring all periods of use, sponsors of community events and persons using facilities by concession contract shall obtain and maintain public liability and property damage insurance acceptable to the city and/or other insurance necessary to protect the public and the city on premises to be used unless waived by the city manager… A certificate evidencing the insurance, or, upon written request of the city, a duplicate copy of the policy, shall be provided to the city as evidence of the insurance protection. This insurance shall not be canceled or reduced without prior written notice to the city at least 30 days in advance of the cancellation and shall name the city as a named or additional insured and shall be primary to any other insurance available to the city… ." BMC 17.20.040(D).

3.5. Both of these conditions were explicit in the City's right-of-way permit application as well. In the absence of insurance protection for the City, permit applications would not go forward and no development would take place.

COMPLAINT FOR DAMAGES
AND DECLARATORY RELIEF - 2

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

3.6. This fact was acknowledged in written emails between Wickman, ECC, and the City. It was also acknowledged internally between ECC and Wickman.

3.7. Wickman applied for a right-of-way permit. In doing so, it did not seek, nor was it granted, any exceptions to the indemnity and insurance conditions.

3.8. Wickman furnished Plaintiff, the City of Bothell, with an insurance policy naming it as an additional insured. The insurer was Defendant Berkley. The policy and endorsements are attached hereto as Appendix A.

3.9. The insurance policy included both defense and indemnity obligations in favor of plaintiff.

3.10. Based upon this insurance policy and the agreement to indemnify Plaintiff for claims, injuries, and losses occurring at the development site, a right-of-way permit was granted.

3.11. The approved plans provided that there would be, among other things, signage warning bicyclists of the driveway ahead.

3.12. On July 5, 2011, Thomas Baker was riding his bicycle along the North Creek Trail and suffered an accident at the development site. At the time of this accident, the City had not finalized the permit, nor accepted the project.

3.13. Indeed, the site was open at the time, contrary to a specific email from Roger Carter directing that it be closed.

3.14. Mr. Baker filed a claim for damages with Plaintiff a few weeks later. Plaintiff tendered to Defendant Berkley and requested a defense. In response, on October 27, 2011, Adjuster Roxanne Mussulman responded that "our insured has documentation that supports that [*sic*] he completed this project on or before June 13, 2011 and that the City finaled [*sic*] the project on July 5, 2011[1]… [A]dditionally, it is highly questionable that our insured is responsible for this accident… ."

---

[1] This assertion was either predicated upon speculation or a misrepresentation. The City did not "final" the permit on July 5, 2011.

COMPLAINT FOR DAMAGES
AND DECLARATORY RELIEF - 3

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

3.15. Of note, the City's claim was not adjusted by an independent insurance adjuster. Ms. Mussulman was simultaneously adjusting the adverse claim of putative co-defendant Wickman (for whom a defense was apparently being provided).

3.16. Plaintiff's defense having been denied, it was forced to incur substantial expense—in the form of attorneys' and consultant fees—to timely protect its interests.

3.17. Mr. and Mrs. Baker filed a complaint in King County Superior Court on September 3, 2013, alleging negligence on the part of Eastlake Church, Wickman, DCI Engineering, and Plaintiff. Among other things, they alleged:

- "Wickman was required to comply with all City Codes, Ordinances, and Construction Standards."

- "Wickman agreed to indemnify, and hold the City harmless against all claims or liability arising from work under the permit."

- "As permittee, Wickman had the responsibility and duty to construct the driveway in conformity with the plans and in a manner which would result in a driveway reasonably safe for its intended use by the public crossing over it."

- "In doing the things alleged in this complaint, ECC, DCI, and Wickman were acting as each other's agents, and are each vicariously liable for the liabilities of each other to the plaintiffs."

- "Following construction of the driveway by ECC and Wickman, the City of Bothell informed ECC, DCI, and Wickman that the driveway as built did not conform to the permitted plans, was unreasonably dangerous, and would have to be closed and revised ... Notwithstanding this notice, defendants ECC and Wickman failed to close the trail or otherwise restrict public access from the dangerous condition. Complaint."

- "Wickman and ECC made certain revisions to the driveway which still left it in an unreasonably dangerous condition for the foreseeable uses by members of the public, including bicyclists travelling Southbound downhill."

- "On July 19, 2012, Bothell advised Wickman and ECC that the City was not finalizing the permit due to concerns of a lack of compliance with applicable standards and the need to make the running slopes safer for pedestrians and bicyclists."

COMPLAINT FOR DAMAGES
AND DECLARATORY RELIEF - 4

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

3.18.   On October 8, 2013, the City, again, tendered to Ms. Mussulman and requested a defense. The tender was in the form of a detailed letter, accompanied by several attachments. A copy was furnished to counsel for Wickman, Mr. Steven Wraith.

3.19.   Defendant did not respond at all.

3.20.   On November 6, 2013, another letter was sent to Ms. Mussulman requesting a response and offering additional information if it was needed. A copy of the letter was, again, furnished to Mr. Wraith.

3.21.   Defendant did not respond at all.

3.22.   A third letter was sent to Ms. Mussulman on December 9, 2013, requesting a defense and expressing disappointment in having to seek a judicial remedy.

3.23.   Ms. Mussulman finally responded to the inquiries by email on December 13, 2013, indicating that "our defense counsel [Steven Wraith] has indeed responded to you on my behalf" in a November correspondence. The letter was attached. This was a different set of reasons than were provided in the 2011 refusal to provide a defense.

3.24.   In other words, Mr. Wraith—the attorney for an adverse co-defendant in the *Baker* tort litigation—was involved in Plaintiff's coverage determination.

3.25.   Plaintiff responded that same day by email, thanking Ms. Mussulman for her eventual reply and seeking confirmation that Mr. Wraith's refusal to accept the tender was the reasoning relied upon by Berkley.

3.26.   A few days later, Ms. Mussulman swapped positions again and responded, that "[a]dditional Insured status for City of Bothell was declined 10/27/2011." The 2011 denial was enclosed.

3.27.   With no further options and rapidly mounting litigation expenses, Plaintiff gave its 20-day notification of an Insurance Fair Conduct Act claim on December 16, 2013, and furnished Defendant a copy.

3.28.   The 20 days have since elapsed.

COMPLAINT FOR DAMAGES
AND DECLARATORY RELIEF - 5

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

3.29. On January 7, 2014, Ms. Mussulman provided a response "reaffirming" the insurance company's refusal to defend the City—but staked out an altogether new basis for doing so (her third). This time, she claimed that the lack of a signature on the indemnification page precluded an "agreement" under the policy language. In doing so, Ms. Mussulman took the apparent position that its insured, Wickman, was granted a right-of-way permit on false pretenses, and was working on the trail illegally. Ms. Mussulman also ignored several writings—in the form of the permit documentation, code provisions, insurance endorsements, and email correspondence—together with the parties' conduct, illustrating an obvious agreement for purposes of the policy.

3.30. Throughout the entire colloquy, the primary adjuster reviewing the City's claim was Ms. Mussulman, who was simultaneously adjusting adverse co-defendant Wickman's claim. Further, according to her correspondence, Ms. Mussulman's "counsel" was Mr. Wraith, who was (and continues to be) counsel for a party with interests adverse to Plaintiff in the underlying tort lawsuit.

3.31. Since receiving Mr. and Mrs. Baker's claim for damages, the City incurred considerable expense defending its interests. This is a direct consequence of Defendant's wrongful, bad-faith denial of coverage in violation of its contractual duties and Washington state law.

## IV.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION – IFCA

4.1. Defendant had a legal duty under the Insurance Fair Conduct Act to defend and indemnify Plaintiff for the claims brought by Mr. and Mrs. Baker.

4.2. Defendant breached these duties, causing damages to Plaintiff in an amount to be proven at trial.

COMPLAINT FOR DAMAGES
AND DECLARATORY RELIEF - 6

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

## SECOND CAUSE OF ACTION – BREACH OF THE DUTY TO DEFEND AND INDEMNIFY

4.3. Defendant had a legal duty under the Insurance Fair Conduct Act, as well as a contractual duty, to defend and indemnify Plaintiff for the claims brought by Mr. and Mrs. Baker.

4.4. Defendant breached these duties, causing damages to Plaintiff in an amount to be proven at trial.

## THIRD CAUSE OF ACTION – CONSUMER PROTECTION ACT

4.5. Defendant breached its obligations of good faith and fair dealing under RCW 48.01.010 and WAC 284-30 *et seq.*, causing damages in an amount to be proven at time of trial.

4.6. Defendant violated Washington's Consumer Protection Act, RCW 19.86 *et seq.*, its fiduciary obligations to Plaintiff causing damages in an amount to be proven at time of trial, including treble damages up to $10,000 for each and every CPA violation, plus attorneys' fees, costs and expenses.

## FOURTH CAUSE OF ACTION – DECLARATORY RELIEF

4.7. An actual controversy exists between Plaintiff and Defendant as to the rights, duties, and obligations of the parties under the insurance policy, especially as those rights, duties, and obligations relate to the duty to defend and indemnify Plaintiff.

4.8. Plaintiff is entitled to a declaratory judgment from this Court setting forth and decreeing the respective rights, duties and obligations of the parties under the policy issued by the defendant.

## FIFTH CAUSE OF ACTION – ESTOPPEL TO DENY COVERAGE

4.9. By its conduct, Defendant is estopped from denying coverage and a duty to indemnify Plaintiff under the Washington Law.

## V. DAMAGES

5.1. Plaintiff is damaged by Defendant's breaches and wrongful conduct in an amount to be proven at time of trial.

COMPLAINT FOR DAMAGES
AND DECLARATORY RELIEF - 7

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

## VII.   PRAYER FOR RELIEF

Plaintiff therefore seeks relief against Defendant as follows:

1. For money damages in an amount to be proven at time of trial, but in no event less than $75,000, and attorneys' fees, costs and expenses incurred;

2. For declaratory relief consistent with the pleadings herein, including but not limited to declarations that (a) Defendant breached its duty to defend; (b) Defendant breached its fiduciary obligations; (c) Defendant breached its obligations of good faith and fair dealing; (d) Defendant violated Washington's Consumer Protection Act; and (e) Defendant is estopped from denying coverage, and has an affirmative duty to defend and duty to indemnify Plaintiff;

3. For prejudgment interest at the highest allowable rate on all liquidated amounts including punitive damages, and attorneys' fees, costs and expenses under Washington's Consumer Protection Act;

4. For costs and disbursements herein, including attorneys' fees under *Olympic S.S. Co., Inc. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991); and

5. For such other and further relief as the Court deems just and equitable.

## VIII.   JURY DEMAND

Plaintiff demands that the above-entitled action be tried before a jury.

RESPECTFULLY SUBMITTED this 27th day of May, 2014.

KEATING, BUCKLIN & McCORMACK, INC., P.S.

*s/ Adam Rosenberg*
Adam Rosenberg, WSBA #39256
Attorneys for Plaintiff City of Bothell
800 Fifth Ave., Ste. 4141
Seattle, WA 98104-3175
Ph.: (206) 623-8861 / FAX: (206) 223-9423
arosenberg@kbmlawyers.com

COMPLAINT FOR DAMAGES
AND DECLARATORY RELIEF - 8

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

## DECLARATION OF SERVICE

I hereby declare under penalty of perjury of the laws of the State of Washington and the United States that on May 28, 2014, I filed the foregoing ***Complaint for Damages and Declaratory Relief*** with the Federal CM/ECF system, as well as serving the ***Complaint*** and an accompanying ***Summons*** via legal process upon:

> The Office of the Insurance Commissioner
> State of Washington
> Service of Legal Process
> 5000 Capitol Blvd.
> Tumwater, WA 98501

DATED this 28th day of May, 2014, at Seattle, Washington.

*s/ Joan Hadley*
Joan Hadley, Legal Assistant
Keating, Bucklin & McCormack, Inc., P.S.
jhadley@kbmlawyers.com

COMPLAINT FOR DAMAGES
AND DECLARATORY RELIEF - 9

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423